UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JEFFERY SCHWARTZ,

    Plaintiff,

        v.

PRECIOUS FLORENCE,
in her individual and official capacities,

    Defendant.

Civil Division

Case No.:

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, JEFFERY SCHWARTZ, by and through undersigned counsel, sues the Defendant, PRECIOUS FLORENCE, and respectfully alleges for his Complaint and Jury Demand as follows:

## INTRODUCTION

1. This case involves Defendant, Deputy Sheriff Precious Florence's acts of berating and insulting Plaintiff Jeffery Schwartz, a practicing and ethnic Jewish detainee, based on his Jewish faith and ethnicity and cutting and removing Plaintiff's Kabbalah bracelet in violation of the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the United States Supreme Court's holding in *Holt v. Hobbs*, 135 S. Ct. 853 (2015). Defendant Florence's berating and insulting comments and her destruction of Mr. Schwartz's religious symbols amount to retaliation for the free exercise of Mr. Schwartz's religious beliefs.

2. It is alleged that the federal violations asserted herein were committed as a result of the

deliberate indifference to the constitutional rights of Plaintiff Jeffery Schwartz by the Defendant.

## JURISDICTION AND VENUE

3. This action arises under the Constitution and laws of the United States and the State of Florida, and is brought pursuant to 42 U.S.C.§1983 as well as 42 U.S.C. § 2000cc-1(a) (RLUIPA violation).

4. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331.

5. Jurisdiction supporting Plaintiff Schwartz's claim for attorney's fees and costs is conferred by 42 U.S.C. § 1988.

6. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b). A substantial part of the events alleged herein occurred within this judicial district, and all of the parties were residents of the State at the time of the events giving rise to this litigation.

## PARTIES

### Plaintiff

7. Plaintiff Jeffery Schwartz is a citizen of the United States and was at all times relevant hereto a resident of and domiciled in the State of Florida.

### Defendant

8. At all times relevant to this Complaint, Defendant Florence was a citizen of the United States, a resident of and domiciled in the State of Florida, and was acting under the color of state law in her capacity as a Deputy Sheriff employed by the Broward County Sherriff's Office (BCSO).

9. Defendant Florence is sued in her individual capacity with respect to each Claim of Relief set forth below, except for the Third Claim for Relief, under 42 U.S.C. § 2000cc-1(a), Religious Land Use and Institutionalized Persons Act (RLUIPA), for which Defendant Florence is sued in her official capacity.

## FACTS

10. As a practicing religious and ethnic Jew, Plaintiff Jeffery Schwartz engages in the Jewish custom of wearing the Kabbalah bracelet, or scarlet/crimson/red string.

11. Plaintiff Schwartz wears his Kabbalah bracelet as a sign of his sincerely held faith of decades, cultural inclusion, and respect for tradition. Plaintiff Schwartz's Kabbalah bracelet is integral to his religious identity. He believes that this practice connotes piety and spirituality, and dictates how he is perceived by the world.

12. On January 27, 2024, Plaintiff Schwartz was involved in a road rage incident. Plaintiff was detained as a result of the incident and was brought to the Broward Sherriff's Office Station in Cooper City (Hereinafter "Station").

13. The other driver involved in the road rage incident, a former police officer, was not detained as a result of the incident.

14. At no time was Plaintiff Schwartz given his Miranda Warnings nor given an opportunity to contact an attorney in violation of his 5th and 6th Amendments.

15. When Plaintiff Schwartz was brought to the Station, he was chained to a bench in a holding cell.

16. Defendant Florence entered the holding cell and removed Plaintiff's Kabbalah bracelet. While she was removing Plaintiff's Kabbalah bracelet, she said to him "Stupid Jewish String."

17. Defendant Florence and the other officers kept berating, mocking and insulting Plaintiff, calling him a stupid Jew and saying he looks like a crackhead.

18. Defendant Florence then told Plaintiff Schwartz that he would receive a third-degree felony unless he would talk to the other driver (the former police officer) involved in the incident.

19. All of Defendant Florence's actions were meant to intimidate, mock, berate, insult, discriminate and coerce Plaintiff Schwartz

20. At no time was Defendant Florence's order and action justified or explained, and her order and actions did not further any compelling interest of the state.

21. At all relevant times, Defendant Florence knew of Plaintiff Schwartz's religious and ethnic identification as a Jew, yet, based on her discriminatory animus toward Plaintiff Schwartz's religious beliefs, Defendant Florence victimized and marginalized Plaintiff Schwartz by ordering that his Kabbalah bracelet be removed and destroyed as well as her berating and insulting Mr. Schwartz's Jewish faith and ethnicity, knowingly violating Plaintiff Schwartz's constitutionally protected rights to free exercise of religion as protected by the First Amendment, Equal Protection and RLUIPA, substantially burdening Plaintiff Schwartz's exercise of religion and causing him significant emotional distress and injury.

22. Defendant Florence's actions and inactions as described herein were designed to limit and interrupt Plaintiff Schwartz's religious practice and insult, berate, and discriminate against him based on his religious and ethnic identity.

## COUNT I
## 42 U.S.C. § 1983 – FIRST AMENDMENT VIOLATION
## FREE EXERCISE OF RELIGIOUS FREEDOM
## AGAINST DEFENDANT IN HER INDIVIDUAL CAPCITY

23. Plaintiff Schwartz realleges and reaffirms all of the allegations contained in paragraphs 1 through 22, and further alleges as follows:

24. Plaintiff Schwartz was engaging in or attempting to engage in a constitutionally protected religious practice at all relevant times.

25. Plaintiff Schwartz's religious beliefs are sincerely held and his participation in wearing a Kabbalah bracelet is a regular part of his regular religious practices.

26. Defendant Florence's actions and inactions, as set forth above, were designed to limit and interrupt Plaintiff Schwartz's religious practices and were directed towards Plaintiff Schwartz because of his particular religious beliefs.

27. Defendant Florence's action of ordering, removing and destroying Plaintiff Schwartz's Kabbalah bracelet was undertaken due to Defendant Florence's animus for Judaism, its practitioners, and those who are ethnically Jewish.

28. Defendant Florence's adverse actions and inactions, as ser forth herein, caused Plaintiff Schwartz to suffer injuries, including a deprivation of his ability to engage in a significant religious practice, to demonstrate his respect for his Jewish faith and traditions by wearing a Kabbalah as a sign of his faith, and an inability to be identified as Jewish in a culturally significant way.

29. Defendant Florence's conduct violated Plaintiff's clearly established rights of which reasonable public officials knew or should have known as the law was clearly establish that discriminating against Jewish detainees based upon their religious belief and ethnic

identity was a violation of the United States Constitution.

30. Defendant Florence's conduct was unjustified and did not advance any interest relative to her position and a deputy sheriff, or such interests were otherwise outweighed by Plaintiff Schwartz's interest in engaging in his sincerely held religious practice.

31. Defendant Florence engaged in the conduct described by this Complaint intentionally, knowingly, recklessly, willfully, and wantonly and in reckless disregard of Plaintiff Schwartz's constitutional rights.

32. Defendant Florence's conduct legally and proximately caused significant injuries, damages, and losses to Plaintiff Schwartz.

33. Plaintiff Schwartz has retained the services of the Law Office of Byron Acosta, P.A. in this matter and has become obligated to pay them reasonable attorneys' fee, suit monies and costs. Subject to 42 U.S.C. §1988(b), Plaintiff is entitled to recover reasonable attorney's fees.

WHEREFORE, the Plaintiff, Jeffery Schwartz respectfully requests that this Court enter judgment in his favor and against Defendant Florence, and award Plaintiff Schwartz all relief as allowed by law and equity, including, but not limited to the following:

   a. Declaratory relief and injunctive relief, as appropriate;
   b. Actual economic damages as established at trial;
   c. Compensatory damages, including, but not limited to those for past and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, medical bills, and other non-pecuniary losses;

    d. Punitive damages for all claims as allowed by law in an amount to be determined at trial;

    e. Issuance of an Order mandating appropriate equitable relief, including but not limited to issuance of a formal written apology from Defendant Florence to Plaintiff Schwartz;

    f. Pre-judgment and post-judgment interest at the highest lawful rate;

    g. Attorney's fees and costs; and

    h. Such other relief as justice requires.

## COUNT II
## 42 U.S.C. § 1983 – EQUAL PROTECTION VIOLATION
## AGAINST DEFENDANT IN HER INDIVIDUAL CAPACITY

34. Plaintiff Schwartz realleges and reaffirms all of the allegations contain in paragraphs 1 through 33, and further alleges as follows:

35. Plaintiff Schwartz is a member of a minority of ethnic and religious Jews.

36. Plaintiff Schwartz was subjected to unjustified and discriminatory orders and actions because of his sincerely held religious beliefs.

37. The law is clearly established that all detainees who are similarly situated to the Plaintiff should all be treated alike. The clearly established law is that the Equal Protection Clause of the Fourteenth protects detainees from being harassed due to their sincerely held religious beliefs.

38. This discriminatory conduct by Defendant Florence against Plaintiff Schwartz was the result of Plaintiff Schwartz's status as a Jewish detainee and constitutes discriminatory treatment under the law.

39. No other similarly situated detainees were subjected to this discriminatory treatment.

40. Defendant Florence singled out Mr. Schwartz solely based upon his religious beliefs and ethnic identity and treated him differently from all detainees of other religions and ethnic backgrounds.

41. Plaintiff Schwartz was singled out among all religious and ethnic detainees for different treatment by Defendant Florence, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

42. Plaintiff Schwartz has retained the services of the Law Office of Byron Acosta, P.A. in this matter and has become obligated to pay them reasonable attorneys' fee, suit monies and costs. Subject to 42 U.S.C. §1988(b), Plaintiff is entitled to recover reasonable attorney's fees.

WHEREFORE, the Plaintiff, Jeffery Schwartz respectfully requests that this Court enter judgment in his favor and against Defendant Florence, and award Plaintiff Schwartz all relief as allowed by law and equity, including, but not limited to the following:

   a. Declaratory relief and injunctive relief, as appropriate;

   b. Actual economic damages as established at trial;

   c. Compensatory damages, including, but not limited to those for past and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, medical bills, and other non-pecuniary losses;

   d. Punitive damages for all claims as allowed by law in an amount to be determined at trial;

   e. Issuance of an Order mandating appropriate equitable relief, including but not

   limited to issuance of a formal written apology from Defendant Florence to Plaintiff Schwartz;

 f. Pre-judgment and post-judgment interest at the highest lawful rate;

 g. Attorney's fees and costs; and

 h. Such other relief as justice requires.

## COUNT III
## 42 U.S.C. § 2000cc-1 (a)-RLUIPA VIOLATION
## AGAINST DEFENDANT IN HIS OFFICIAL CAPACITY

43. Plaintiff Schwartz realleges and reaffirms all of the allegations contain in paragraphs 1 through 43, and further alleges as follows:

44. The denial of Plaintiff Schwartz's rights due to his religious beliefs constitutes a violation of the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. §§ 2000cc, *et, seq*.

45. At the time of Defendant Florence berated and insulted Plaintiff Schwartz's religious beliefs and identity, and removed and destroyed Plaintiff's Kabbalah bracelet, Plaintiff Schwartz was engaged in, and fully participating in her sincerely held religious beliefs and practices.

46. By berating and insulting Plaintiff's religious beliefs, and forcibly removing and destroying Plaintiff's Kabbalah bracelet, Defendant Florence placed a substantial burden on Plaintiff Schwartz's practice of Judaism.

47. There is no legal justification for, nor compelling interest in, the burden placed by Defendant Florence upon Plaintiff Schwartz's exercise of religion.

48. Plaintiff Schwartz has retained the services of the Law Office of Byron Acosta, P.A. in this matter and has become obligated to pay them reasonable attorneys' fee, suit monies

and costs. Subject to 42 U.S.C. §1988(b), Plaintiff is entitled to recover reasonable attorney's fees.

WHEREFORE, the Plaintiff, Jeffery Schwartz respectfully requests that this Court enter judgment in his favor and against Defendant Florence, and award Plaintiff Schwartz all relief as allowed by law and equity, including, but not limited to the following:

a. Declaratory relief and injunctive relief, as appropriate;

b. Actual economic damages as established at trial;

c. Compensatory damages, including, but not limited to those for past and future pecuniary and non-pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, medical bills, and other non-pecuniary losses;

d. Punitive damages for all claims as allowed by law in an amount to be determined at trial;

e. Issuance of an Order mandating appropriate equitable relief, including but not limited to issuance of a formal written apology from Defendant Florence to Plaintiff Schwartz;

f. Pre-judgment and post-judgment interest at the highest lawful rate;

g. Attorney's fees and costs; and

h. Such other relief as justice requires.

**PLAINTIFF SCHWARTZ DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

DATED this 31st day of August, 2024.

                                                       Respectfully submitted,

                                                       **BYRON ACOSTA, P.A.**
                                                       Attorney for Plaintiff
                                                       8461 Lake Worth Rd Ste 238
                                                       Lake Worth, FL 33467-2474
                                                       Telephone: (561) 805-3580
                                                       Facsimile: (561) 805-3601

                                                       **<u>s/Byron B. Acosta, Esq</u>**
                                                       **BYRON B. ACOSTA**
                                                       Fla. Bar No. 1039193